UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIK SCOTT BROWN,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 17-cv-430-JPG<br><br>Criminal No 15-cr-40045-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Erik Scott Brown's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons stated on the record at the March 7, 2018, evidentiary hearing, the Court **DENIES** Brown's motion (Doc. 1) and **DIRECTS** the Clerk of Court to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Buck v. Davis*, 137 S. Ct. 759, 773 (2017); *Miller-El v. Cockrell*, 537 U. S. 322, 327 (2003). The Court finds that Brown has not made such a showing and, accordingly, **DECLINES** to issue a certificate of appealability.
**IT IS SO ORDERED.**
**DATED: March 8, 2018**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**